UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, <br><br> Plaintiff, <br> v. <br><br> SILVERADO PLACE HOMEOWNERS' ASSOCIATION; SATICOY BAY LLC SERIES 10384 MIDSEASON MIST; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | Case No. 2:17-cv-01311-RFB-PAL <br><br> **ORDER** |

### I. INTRODUCTION

Before the Court are Defendant Saticoy Bay LLC Series 10384 Midseason Mist.'s ("Saticoy Bay's") Second Motion to Dismiss (ECF No. 40), Plaintiff Carrington Mortgage Services, LLC's ("Carrington's") Renewed Motion for Summary Judgment (ECF No. 41), and Saticoy Bay's Counter-Motion for Summary Judgment (ECF No. 46).

In the complaint filed May 9, 2017, Carrington seeks quiet title/declaratory judgment and injunctive relief based on allegations of wrongful foreclosure violating the federal constitution and Nevada statutes. ECF No. 1.

For the reasons stated below, the Court grants in part and denies in part Saticoy Bay's motion to dismiss. As to the theories not found to be foreclosed in the motion to dismiss analysis, the Court denies both Carrington's and Saticoy Bay's motions for summary judgment.

/ / /

/ / /

## II. FACTUAL BACKGROUND

### a. Alleged Facts

The Court summarizes the facts alleged in Carrington's complaint. ECF No. 1.

On or about January 21, 2009, Anthony J. Spradlin purchased a residential property located at 10384 Midseason Mist Street, Las Vegas, Nevada ("the Property"). Spradlin financed ownership of the Property by way of a loan in the amount of $114,305.00 evidenced by a note and secured by a senior deed of trust recorded March 3, 2009.

On June 27, 2012, the Silverado Place Homeowners' Association ("Silverado"), through its agent Leach Johnson Song & Gruchow ("Leach Johnson"), recorded a Notice of Delinquent Assessment Lien. Per the notice, the amount due to Silverado was $1,072.62.

On August 7, 2012, Silverado, through its agent Leach Johnson, recorded a Notice of Default and Election to Sell to Satisfy Notice of Delinquent Assessment Lien. The notice stated the amount due to Silverado was $1,850.28.

These recorded documents did not specify whether Silverado was foreclosing on the super-priority portion of its lien, nor provided notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

On or about September 10, 2012, prior deed of trust beneficiary and loan servicer Bank of America, N.A. offered to pay the super-priority portion of Silverado's lien. Silverado ignored Bank of America's offer to tender and misrepresented the applicable law in response.

On November 21, 2013, Silverado, through its agent Leach Johnson, recorded a Notice of Foreclosure Sale. The notice stated the amount due to Silverado was $4,069.95. This notice similarly did not specify whether Silverado was foreclosing on the super-priority portion of its lien, nor provided notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

Silverado foreclosed on the property on or about September 15, 2014. A foreclosure deed in favor of Saticoy was recorded September 25, 2014.

On September 24, 2015, the senior deed of trust was assigned to Carrington.

### b. Undisputed Facts[1]

The Court finds that Plaintiff's alleged facts are undisputed. The Court further finds the following facts to be undisputed.

Counsel for prior loan servicer and deed of trust beneficiary Bank of America, Rock Jung, Esq. of Miles Bauer Bergstrom & Winters, LLP, sent Silverado, through Leach Johnson, a letter dated September 10, 2012. Jung stated that Bank of America was offering to pay the nine months of common assessments pre-dating the Notice of Default, but that the nine-month sum was unknown. He requested presentation of adequate proof of the nine-month sum and asked that Silverado refrain from taking further action to enforce the lien until the matter was resolved.

John E. Leach, Esq. of Leach Johnson, responded via facsimile dated September 27, 2012. He represented that the nine-month super-priority is triggered by the foreclosure sale and survives foreclosure. He denied a legal obligation to communicate the amount of the nine-month sum and refused to state the amount of the lien until the entire balance due and owing was received.

Following this communication, no monies were paid from Bank of America to Silverado.

### c. Disputed Facts

It remains disputed whether Bank of America's September 10, 2012 letter constitutes tender of the supra-priority lien, and if so, whether Saticoy Bay was sufficiently on notice of the tender.

### III. PROCEDURAL BACKGROUND

Carrington filed its Complaint on May 9, 2017. ECF No. 1. On June 26, 2017, Saticoy Bay filed a Motion to Dismiss. ECF No. 9.

On October 6, 2017, the Court entered a scheduling order. ECF No. 17. On October 27, 2017, a clerk's default was entered as to Silverado. ECF No. 23. Discovery closed on December 26, 2017. ECF No. 17.

---

[1] The Court has divided the fact sections into "Alleged," "Undisputed," and "Disputed" so that analytically the motion to dismiss and motion for summary judgment may be considered separately with the appropriate alleged or undisputed and disputed facts.

On January 25, 2018, Saticoy Bay and Carrington each filed a Motion for Summary Judgment. ECF Nos. 25, 26.

On March 23, 2018, the Court denied the three pending motions without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in <u>Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n</u>, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 49. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248 (Nev. 2018).

On August 22, 2018, Saticoy Bay filed the instant Second Motion to Dismiss. ECF No. 40. On August 23, 2018, Carrington filed the instant Renewed Motion for Summary Judgment. ECF No. 41. Also on this date, the Court lifted the stay in the case and extended the deadline for dispositive motions. ECF No. 42. On September 13, 2018, Saticoy Bay filed the instant Counter-Motion for Summary Judgment. ECF No. 46.

### IV. LEGAL STANDARD

#### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT Security Servs., Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

#### b. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

4

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

### a. Motion to Dismiss

In its Renewed Motion to Dismiss, Saticoy Bay argues that Carrington fails to state a cause of action upon which relief may be granted because Saticoy Bay is a bona fide purchaser of the Property. The Court notes that certain of Saticoy Bay's arguments are premised entirely on this assertion that Saticoy Bay is a bona fide purchaser of the Property and not on the sufficiency of Carrington's complaint. These arguments are improper at the motion to dismiss stage but are considered below to the extent they are reiterated in Saticoy Bay's motion for summary judgment.

For the reasons below, the Court grants the motion on the theories foreclosed by law but permits Carrington's claims to proceed on the theories not foreclosed.

#### i. Equity Jurisdiction

Saticoy Bay argues that Carrington has no remedies available against Saticoy Bay regarding the allegedly wrongful foreclosure sale because any wrongful foreclosure can be compensated with money damages. The Court disagrees and finds that it has "inherent equitable jurisdiction to settle title disputes." See Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, 366 P.3d 1105, 1110–1111 (Nev. 2016). The Court possesses the power to invalidate the foreclosure sale and/or to make declarations as to the present interests in the Property, or lack thereof, held by the Parties. Carrington may seek equitable relief.

5

### ii. Estoppel

Saticoy Bay argues that Carrington is estopped from bringing its claims by unclean hands and the failure to mitigate doctrine because, according to the facts as pled in the complaint, it argues that Carrington's predecessor in interest did not pay the super-priority lien or take any action whatsoever.

The Court does not find any facts pleaded on the face of the complaint that support estopping Carrington on the basis of either unclean hands or failure to mitigate. Unclean hands can prevent a plaintiff from pursing equitable relief where a "willful act" by the plaintiff "rightfully can be said to transgress equitable standards of conduct." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 815 (1945). Failure to mitigate, by contrast, is not a defense that bars suit; "[a]ny failure to mitigate goes to the amount of deficiency owed, not whether a deficiency exists." Resolution Tr. Corp. v. BVS Dev., Inc., 42 F.3d 1206, 1216 (9th Cir. 1994). In any event, construing the pleaded facts in the light most favorable to Carrington, these doctrines do not apply. Indeed, Carrington specifically alleges that its predecessor in interest offered to pay the super-priority lien and was ignored.

### iii. Bona Fide Purchaser

Saticoy Bay next argues that it is a bona fide purchaser, and that Carrington carries the burden to show otherwise. A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Shadow Wood, 366 P.3d at 1115 (citation omitted). Construing the complaint in the light most favorable to Carrington, Carrington does allege that Saticoy Bay was aware of alleged defects in the foreclosure sale and was therefore not a bona fide purchaser. See ECF No. 1. ("The foreclosure sale did not extinguish the senior deed of trust because Saticoy does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, Bank of America's satisfaction of the super-priority component of HOA's lien, and the commercial unreasonableness of the HOA sale."). Saticoy Bay's argument does not address the sufficiency of the complaint and is not a basis for granting a

///

motion to dismiss. Whether or not Saticoy Bay was a bona fide purchaser is a question of fact, discussed below.

### iv. Lack of Super-Priority Requirement

Saticoy Bay argues that Carrington's quiet title claim necessarily fails to the extent Carrington alleges that the notices failed to provide the correct super-priority amount.

The Court agrees that the relevant notice statutes at the time the notices were issued did not require any separate identification of a "super-priority" section with an amount. NRS 116.31162 only required identification of the "deficiency in payment." Carrington alleges that the notices included the amounts due to Silverado. The notices as described in the complaint are consistent with the applicable statutory requirement.

The Court further agrees that, on the face of Carrington's complaint, the notices provided did not deprive Carrington of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id.

Based on the facts alleged, Carrington's predecessor in interest received actual and constructive notice of Silverado's lien and Silverado's intent to sell the property long before Silverado took any action to foreclose upon the its lien. Indeed, Carrington alleges that its predecessor in interest actually communicated with Silverado and offered to pay the super-priority portion of the lien. This occurred after the Notice of Default and Election to Sell to Satisfy Notice of Delinquent Assessment Lien but well before the actual sale of the property. Carrington cannot therefore claim in this case that it did not receive notice of the existence of Silverado's lien and its intended sale of the property.

7

Therefore, to the extent Carrington's claim is based on lack of actual notice of the foreclosure sale, Carrington's claim is not plausible on its face and is dismissed.

### v. Tender

Saticoy Bay argues that the facts alleged in Carrington's complaint do not constitute proper tender.

Pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay off the prior nine months of unpaid HOA dues and maintenance and nuisance-abatement charges – constituting the HOA's super-priority lien – before an HOA may proceed to foreclosure sale. See NRS 116.31162; SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). Tender does not always require the successful payment of actual money. Rather, "[a] tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 420 P.3d 559 at *1 (Nev. 2018) (unpublished) (citation omitted).

Carrington alleges in its complaint that its predecessor in interest attempted to tender payment but was ignored. The Court therefore finds that Carrington's allegation, construed in the light most favorable to Carrington, supports satisfaction of tender. Saticoy Bay further argues that tender had to be recorded to be legally effective and was not. It is unclear why a rejected tender would be required to be recorded, but even if this were true as a matter of law, whether or not the alleged attempted tender was recorded is a question of fact indeterminable on the face of the complaint.

### vi. Commercial Reasonableness

Saticoy Bay argues that Carrington's allegation that the sale was not commercially reasonable fails as a basis to set aside the sale as a matter of law. The Court agrees. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact

and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted).

Therefore, to the extent Carrington's claim is based on the alleged commercial unreasonableness of the sale, Carrington's claim is not plausible on its face and is dismissed.

### vii. Constitutionality of NRS Chapter 116

Saticoy Bay argues that the Nevada Supreme Court has expressly rejected Carrington's argument that NRS Chapter 116 is facially unconstitutional.

The Court agrees that Carrington's facial constitutionality argument is foreclosed by Nevada Supreme Court case law. In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). This holding was based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Carrington. Id. As the Nevada Supreme Court had not

previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process.

Therefore, to the extent Carrington's claim is based on the facial unconstitutionality of NRS Chapter 116, Carrington's claim is not plausible on its face and is dismissed.

### b. Motions for Summary Judgment

Saticoy Bay and Carrington have each moved for summary judgment in its favor. The Court incorporates by reference its dispositive analyses above as to equity jurisdiction, commercial unreasonableness, constitutionality of notice, and facial constitutionality of NRS Chapter 116. Remaining at issue in the parties' competing motions for summary judgment are whether Carrington's predecessor in interest tendered and thereby extinguished Silverado's super-priority lien and whether Saticoy Bay is a bona fide purchaser of the Property.

The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR, 334 P.3d at 411. As explained above, pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay off the

HOA's super-priority lien before an HOA may proceed to foreclosure sale. See NRS 116.31162; SFR, 334 P.3d at 411.

Saticoy Bay argues that a mere request for information does not qualify as tender. But "tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." Bank of Am., 420 P.3d 559 at *1. Here, Bank of America expressed in its letter an offer to pay the amount of the super-priority lien in addition to inquiring what the amount was. The Court finds that whether Bank of America's letter constituted tender remains a disputed material fact.

The Court also finds that the issue of the tender in this case and the parties' conduct and correspondence surrounding the tender create the possibility that Carrington may prevail on its equitable claim for setting aside the foreclosure sale in this case. See Shadow Wood, 366 P.3d at 1111–12. The Nevada Supreme Court in Shadow Wood held that a foreclosure sale may be set aside on equitable grounds if there is "fraud, unfairness or oppression." Id. The Court finds that there are genuine issues of disputed fact regarding this equitable claim that must be decided by a trial.

Additionally, to the extent Bank of America may have tendered, the Court finds that a genuine issue remains as to whether Saticoy Bay constitutes a bona fide purchaser of the Property. A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Id. at 1115 (quoting Bailey v. Butner, 176 P.2d 226, 234 (Nev. 1947). Saticoy Bay argues that even if the letter at issue constituted tender, Saticoy Bay was a bona fide purchaser because it was not on notice of the unrecorded tender. Carrington argues that the publicly-recorded deed of trust put Saticoy Bay on inquiry notice that the lender could pay the HOA assessments, creating a duty to inquire. Whether diligent inquiry would have revealed tender and the resultant extinguishment of Silverado's super-priority lien, if applicable, is a question of fact for trial.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Saticoy Bay's Second Motion to Dismiss (ECF No. 40) is GRANTED in part and DENIED in part as detailed above.

**IT IS FURTHER ORDERED** that, as to the legal theories that remain after the dismissal of claims, Carrington's Renewed Motion for Summary Judgment (ECF No. 41) and Saticoy Bay's Counter-Motion for Summary Judgment (ECF No. 46) are both DENIED as explained.

**IT IS FURTHER ORDERED** that a status conference is set in this case for April 24, 2019 at 1:00 PM in LV Courtroom 7C.

DATED: March 30, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE